IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEWANEE OPAL CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1541 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 9th day of November, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because

it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff raises four arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding her not disabled.   First, she argues that the ALJ incorrectly analyzed her treating physician's opinion addressing her narcolepsy diagnosis.   Second, she posits that the ALJ's residual functional capacity ("RFC") findings are illogical because they fail to address how often and how long Plaintiff is likely to fall asleep in a workday due to narcolepsy. Third, Plaintiff contends that the ALJ failed to properly analyze her subjective complaints in context of the record as a whole.   Lastly, Plaintiff argues that the ALJ failed to consider her work history as part of the ALJ's credibility assessment.   (Doc. No. 13).

The crux of Plaintiff's argument regarding evaluation of the opinion of her treating physician and sleep specialist, Ananth Raman, MD, is that the ALJ failed to discuss "supportability" and "consistency" beyond cursory statements and did not consider the other factors in 20 C.F.R. § 404.1520c, including the treatment relationship and specialization of the physician.   (Doc. No. 13 at 12-13).   Plaintiff also takes issue with the ALJ's "vague discussion" of Dr. Raman's opinion where the ALJ seemingly "accepts the underlying premise" of Dr. Raman's opinion but rejects Dr. Raman's conclusion.   (*Id.* at 13).   The Court first notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."   *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases); *see also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).   While the ALJ still considers the medical source's treating relationship with the claimant, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."   82 Fed. Reg. at 5853; *see also* §§ 404.1520c(b) and (c).   As the regulations state, the ALJ may, but is not required to, explain how she considered the other factors in explaining the persuasiveness of each medical opinion.   *See* 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ summarized Dr. Raman's opinion, indicating that "the claimant would have concerns of hitting her head, falling asleep during interactions with others, and impairment of her ability to maintain task performance[.]" (R. 18).   Further, the ALJ analyzed whether Dr. Raman's opinion was consistent and supported by the record, writing, "[w]hile the undersigned finds that Dr. Raman's opinion is somewhat consistent with and supported by the totality of the record, including the claimant's own subjective allegations, there are very few treatment records during the relevant period that would render the claimant incapable of working . . . [a]s such, Dr. Raman's opinion is only somewhat persuasive."   (*Id.*)   The ALJ's analysis of consistency and supportability is sufficient as it speaks directly to the required factors of consistency and supportability described in the Social Security Regulations, and the ALJ did not err in not expressly discussing the other factors.   20 C.F.R. § 404.1520c(b)(2).   The ALJ further incorporated into the RFC mental

2

restrictions and limitations to avoid workplace hazards and other environmental factors to "ensure that the claimant's limitations are more than fully accommodated for under the within residual functional capacity[.]"  (R. 18).  This was not an acceptance of Dr. Raman's premise and then a rejection of her opinion, but rather a limitation the ALJ found was needed based on a totality of the record.  Accordingly, the ALJ's analysis of Dr. Raman's opinion is supported by substantial evidence.

Plaintiff next contends that the ALJ's RFC determination is illogical because the ALJ acknowledged Plaintiff's severe narcolepsy but failed to account for narcolepsy symptoms in Plaintiff's RFC.  (Doc. No. 13 at 14).  Plaintiff further argues that the ALJ did not address how often and how long Plaintiff is likely to fall asleep or sleep during an eight-hour workday.  (Doc. No. 13 at 14).  Here, as explained above, the ALJ addressed Plaintiff's narcolepsy in formulating the RFC by analyzing Plaintiff's complaints and Dr. Raman's medical source statement.  (R. 16, 18).  The ALJ also analyzed the third-party statements, which "reported that the claimant falls asleep intermittently throughout the day, has to plan around naps, and falls asleep while in conversation or while socializing."  (R. 19).  The ALJ rejected these claims regarding the severity of Plaintiff's narcolepsy, however, because she found they were not entirely consistent with the totality of the evidence.  (R. 18-19).  If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (citing *Cotter*, 642 F.2d at 705).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Here, the ALJ explained why evidence of Plaintiff's claims regarding the severity of her narcolepsy symptoms was deemed unpersuasive in her opinion and, accordingly, substantial evidence supports the ALJ's determination.

Plaintiff next posits that the ALJ failed to analyze her subjective complaints in light of the record as a whole and in conformity with 20 CFR § 404.1529.  (Doc. No. 13 at 10-12).  Specifically, Plaintiff argues that the ALJ did not consider Plaintiff's statements within the context of consistent statements from her treating sleep specialist, statements from friends and family, documented reports to treatment professions, and her activities of daily living.  (*Id.* at 10).  The Court first notes that while a claimant's testimony regarding her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question.  *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011).  Further, an ALJ's determination as to the veracity of a claimant's testimony is afforded significant deference.  *See Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  The ALJ's opinion is also read "as a whole." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  Here, after summarizing Plaintiff's testimony, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms to be inconsistent with the overall evidence of record.  (R. 16).

---

The ALJ noted that Plaintiff's statements were inconsistent with Plaintiff's activities of daily living and with Plaintiff's own notes in her application materials, indicating that she helps her parents with matters related to medical or personal affairs, and that she is able to drive, shop, and manage her finances. (*Id.*). The ALJ further analyzed in her decision Plaintiff's treating sleep specialist's medical source statement, third-party statements, and the state agency consultants' medical opinions. (R. 18-19). The ALJ specifically noted that she found Dr. Raman's opinion to be somewhat consistent and supported by the claimant's own subjective allegations. (R. 18). Accordingly, it is clear that the ALJ analyzed Plaintiff's subjective complaints in light of the record as a whole, and her findings are supported by substantial evidence.

Further, Plaintiff takes issue with the ALJ's finding of "inconsistency" between her daily activities, which she alleges are "sporadic," and a claim of disability. (Doc. No. 13 at 11-12). The Court disagrees. The ALJ is required to consider a claimant's activities of daily living in evaluating the severity of a claimant's symptoms and limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). However, as Plaintiff points out, an ALJ may not use evidence of sporadic and transitory activities as support for a finding that the Plaintiff can engage continuously in substantial gainful activity. *See Fargnoli v. Astrue*, 247 F.3d 34, 40 n.5 (3d Cir. 2001). The question here, as in many cases, is whether the ALJ's consideration of Plaintiff's daily activities crossed over into an improper reliance on sporadic and transitory activities. Here, it did not.

The ALJ analyzed Plaintiff's performance of daily tasks, including laundry, preparing meals, household chores, and taking care of finances. (R. 16). As Defendant point out, these activities differ greatly from the single trip to Europe analyzed in *Fargnoli*, and, accordingly, Plaintiff's analogy to this case is misplaced. Again, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Reefer*, 326 F.3d at 380; *Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015)) ("Credibility determinations are 'virtually unreviewable on appeal.'").

Plaintiff also argues that the ALJ erred in finding "inconsistency" between her reports regarding her condition and a claim of disability because the ALJ failed to consider the context of Plaintiff's reports. (*Id.* at 11-12). This is another attempt to request that the Court reweigh the evidence. The ALJ afforded sufficient context to Plaintiff's statements that she was "managing well" and was "okay," as the ALJ questioned Plaintiff thoroughly at the hearing regarding her narcolepsy and symptoms arising therefrom and heard her attorney's questioning regarding the same. (R. 47-53). Accordingly, the ALJ's analysis of Plaintiff's subjective complaints are supported by substantial evidence.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

Lastly, Plaintiff argues that the ALJ failed to consider her "exemplary work history" as part of the ALJ's determination of Plaintiff's credibility. (Doc. No. 13 at 14-15). The Court notes that an ALJ does not err by failing to afford a claimant's testimony heightened consideration based *solely* on her work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004). Generally, the ALJ cannot find a claimant is entitled to heightened credibility unless other factors, such as evidence of severe impairments or attempts to return to work, dictate such a result. *See, e.g.*, *id.*; *Hodnett v. Saul*, No. CV-2:18-1074, 2019 U.S. Dist. LEXIS 135201, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. CIV.A. 12-806, 2013 U.S. Dist. LEXIS 116749, at *5 (W.D. Pa. Aug. 19, 2013). Rather than focusing solely on work history, an ALJ should base his or her evaluation of a claimant's testimony and credibility on a broad view of the record. *See Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015). Here, the ALJ based her credibility assessment on the entirety of the record. (R. 16). The ALJ considered Plaintiff's complaints in context of the record evidence and found that Plaintiff was not entirely credible. (*Id.*) This was not error as there is no evidence in the record of any attempts to return to work that would warrant a finding of heightened credibility. Moreover, the ALJ was clearly aware of Plaintiff's work history as she discussed at length Plaintiff's work history with her at the hearing. (R. 34-44).

Accordingly, for the reasons set forth herein, the Court will affirm the underlying decision.

5